UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————X

CHUKWUMA E. AZUBUKO, *pro se*,

        Plaintiff,

    -against-                            **SUMMARY ORDER**

JUDGES OF THE UNITED STATES COURT         08-CV-1264 (DLI) (LB)
OF APPEALS - FOR THE FIRST CIRCUIT -
IN OFFICIAL CAPACITIES; CHIEF DEPUTY
CLERK MARGARET CARTER - IN OFFICIAL
CAPACITY; APPEALS ATTORNEY AMY B.
LEDERER  - IN OFFICIAL CAPACITY,

        Defendants.
———————————————————X

CHUKWUMA E. AZUBUKO, *pro se*,

        Plaintiff,

    -against-

JUDGES OF THE THIRD CIRCUIT; JUDGES
OF THE FOURTH CIRCUIT; JUDGES OF        08-CV-1265 (DLI) (LB)
FIFTH CIRCUIT; JUDGES OF THE SIXTH
CIRCUIT; JUDGES OF THE TENTH
CIRCUIT; UNITED STATES DISTRICT
COURT - DISTRICT OF NEW JERSEY;
UNITED STATES' DISTRICT COURT -
SOUTHERN DISTRICT OF SAN DIEGO;
UNITED STATES' DISTRICT COURT -
EASTERN DISTRICT OF PENNSYLVANIA;
and UNITED STATES DISTRICT COURT -
SOUTHERN DISTRICT OF OHIO,

        Defendants.
———————————————————X

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff, proceeding *pro se*, filed these two complaints against federal judges and courts, a clerk of court, and an appeals attorney. In both actions, plaintiff seeks to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. The court consolidates these two complaints for the purpose of this Summary Order. The court grants plaintiff's requests to proceed *in forma pauperis*; however, for the reasons set forth below, the court dismisses both complaints without leave to amend.

## BACKGROUND

Plaintiff has filed numerous lawsuits in courts throughout the United States. In the instant complaints, plaintiff alleges that the manner in which numerous federal judges, courts, and judicial employees handled and ultimately resolved his prior lawsuits violated his rights.

## DISCUSSION

### A. Frivolous Actions

The submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Courts are not, however, obligated to entertain all claims presented. In reviewing *pro se* applications to proceed *in forma pauperis*, courts must dismiss the underlying *pro se* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915 (e)(2)(B).

A complaint is frivolous if "it is clear that the defendants are immune from suit." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir.1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)) (dismissing plaintiff's complaint as frivolous on the ground that defendant is immune from suit under the doctrine of absolute judicial immunity). It is well-settled law that judges are immune

from lawsuits seeking to impose liability for actions taken in their official capacity. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (prohibiting a claim against a judge arising out of actions taken by the judge in his official capacity). This doctrine of absolute judicial immunity is founded on the belief that "principled and fearless decision-making will be compromised if a judge fears that unsatisfied litigants may hound him with litigation charging malice or corruption." *Sharp v. Bivona*, 304 F. Supp. 2d 357, 364 (E.D.N.Y. 2004) (internal citation and quotations omitted). Judicial immunity is only overcome by complaints challenging two circumstances: (1) "non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity," and (2) "actions . . . taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

This court, construing plaintiff's complaints liberally, dismisses them as frivolous. Plaintiff's claims are barred by the doctrine of absolute judicial immunity. Plaintiff seeks damages and additional relief from judges, courts, a court clerk, and an appeals attorney. Judges and certain judicial employees are immune from such suits. *Cf. Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988) (affirming the dismissal of a suit against a law clerk). Further, neither exception to the judicial immunity doctrine applies. Plaintiff challenges defendants' dismissals of his numerous prior lawsuits. The challenged actions—dismissals of claims and related determinations— are squarely judicial in nature. Further, plaintiff does not allege that defendants lacked jurisdiction.

Moreover, to the extent that plaintiff justifies lawsuits against these otherwise immune defendants on the ground that defendants erroneously disposed of his prior lawsuits, this contention lacks merit. A judge will not be deprived of judicial immunity for any action taken that "was in error, was done maliciously, or was in excess of his [or her] authority." *Tucker v. Outwater*,

118 F.3d 930, 933 (2d Cir. 1997). Thus, plaintiff's claims are foreclosed by judicial immunity and are dismissed as frivolous pursuant to § 1915(e)(2)(B)(iii).

**B. Warning**

Plaintiff's voluminous prior filings merit discussion. In *Azubuko v. Catherine Gallagher Coop. Hous. et al.*, 05-10068, slip op. (D. Mass. February 17, 2005), and *Azubuko v. Commonwealth Auction Assoc*, 03-10053, slip op. (D. Mass. December 17, 2003) (noting plaintiff's cases), District of Massachusetts' courts set forth plaintiff's litigation history. As of February 17, 2005, plaintiff had filed thirty-three cases in the District of Massachusetts and thirty actions in other courts. Currently, there is a standing order in the District of Massachusetts prohibiting plaintiff from filing actions without leave of the court and automatically dismissing any actions transferred to the District of Massachusetts from other districts in which the plaintiff filed to circumvent the order. *See Azubuko v. Empire Insurance Company, et al.*, 07-11958, slip op. (D. Mass. Nov. 1, 2007) (Docket No. 8). Indeed, several other courts have imposed filing restrictions on plaintiff, including the United States Court of Appeals for the Second Circuit. *See generally Azubuko v. Assie*, 01-7688, slip op. (2d Cir. 2002) (imposing leave-to-file restrictions on Azubuko); *Azubuko v. Giorlandino*, No. 99-7337, 2000 WL 553184 (2d Cir. May 2, 2000) (discussing Mr. Azubuko's "extensive litigation history and his repeated attempts to re-litigate the same claims in state and federal courts").

Notably, plaintiff's activity in this district does not begin with the two instant complaints. In January 2008, plaintiff filed two *pro se* actions in the Eastern District of New York: *Azubuko v. Boston Police Officer #12226 et al.*, 08-CV-0061 (DLI) (LB) and *Azubuko v. Bostons's Police Officer #11696*, 08-CV-0328 (DLI) (LB). The court transferred those actions to the appropriate forum—the United States District Court for the District of Massachusetts—by Orders dated January

9, 2008 and January 23, 2008. Subsequently, the District of Massachusetts sanctioned plaintiff, and warned plaintiff again against filing actions in other districts.

The instant actions are simply two additional examples of plaintiff's frivolous litigation pursuits and efforts to avoid the District of Massachusetts' order. Accordingly, the court warns plaintiff that the court will not tolerate frivolous litigation. All future actions filed by plaintiff will be reviewed by the court. If plaintiff files any further frivolous actions, the court will enter an order barring the acceptance of complaints without first obtaining leave from the court. *See in re Martin-Trigona*, 9 F.3d 226, 227-29 (2d Cir. 1993) (discussing various sanctions courts may impose upon vexatious litigants). The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this Order would not be taken in good faith.

### C. Leave to Amend

Ordinarily, courts should grant leave to *pro se* plaintiffs, at least once, to amend their complaints. If repleading would be futile; however, courts should refrain from granting leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend). In light of plaintiff's extensive litigation history, and defendants' immunity from suit, the court declines to afford plaintiff leave to amend. The court must conserve its time and resources, which are more properly devoted to legitimate litigants and their claims.

**CONCLUSION**

For the reasons set forth above, it is hereby ordered that (i) plaintiff's applications to proceed *in forma pauperis* are granted, (ii) the complaints are dismissed as frivolous, (iii) plaintiff is not permitted leave to amend, and (iv) the court certifies that any appeal taken from this order shall not be taken in good faith.

SO ORDERED.

Dated:  Brooklyn, New York
         May 2, 2008

                                        _____/s/_____
                                            Dora L. Irizarry
                                        United States District Judge