UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────X

CHUKWUMA E. AZUBUKO, *pro se*,

                Plaintiff,

   -against-

JUDGES OF THE UNITED STATES COURT           **SUMMARY ORDER**
OF APPEALS - FOR THE FIRST CIRCUIT -           08-CV-1264 (DLI)(LB)
IN OFFICIAL CAPACITIES; CHIEF DEPUTY
CLERK MARGARET CARTER - IN OFFICIAL
CAPACITY; APPEALS ATTORNEY AMY B.
LEDERER - IN OFFICIAL CAPACITY,

                Defendants.
──────────────────────────────────────X

CHUKWUMA E. AZUBUKO, *pro se*,

                Plaintiff,

   -against-

JUDGES OF THE THIRD CIRCUIT; JUDGES           **SUMMARY ORDER**
OF THE FOURTH CIRCUIT; JUDGES OF             08-CV-1265 (DLI)(LB)
FIFTH CIRCUIT; JUDGES OF THE SIXTH
CIRCUIT; JUDGES OF THE TENTH
CIRCUIT; UNITED STATES DISTRICT
COURT - DISTRICT OF NEW JERSEY;
UNITED STATES' DISTRICT COURT -
SOUTHERN DISTRICT OF SAN DIEGO;
UNITED STATES' DISTRICT COURT -
EASTERN DISTRICT OF PENNSYLVANIA;
and UNITED STATES DISTRICT COURT -
SOUTHERN DISTRICT OF OHIO,

                Defendants.
──────────────────────────────────────X

**DORA L. IRIZARRY, United States District Judge:**

    Plaintiff, proceeding *pro se*, filed these two complaints against federal judges and courts, a

Clerk of Court and an attorney. By an Order dated May 2, 2008, the Court consolidated these two complaints and dismissed them as frivolous. The Clerk of the Court entered judgment in both actions on May 19, 2008. On May 22, 2008, plaintiff moved for reconsideration by filing what he has labeled "Plaintiff's First Motion for Reconsideration."

A motion to reconsider "is to be treated as a Rule 59(e) motion if filed within ten days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993). A timely-filed motion for reconsideration under Rule 59(e) extends the time of the parties to appeal while the motion is under review. Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 136-37 (2d Cir. 2000); Fed. R. App. P. 4(a)(4). In the instant action, plaintiff filed his motion on May 22, 2008, well within ten days of entry of Judgment. Thus, the court will construe his motion as one for reconsideration under Rule 59(e). In doing so, the Court is mindful that the submissions of *pro se* plaintiffs should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted); *McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004).

The standard for granting a motion for reconsideration under Rule 59(e) is "strict, and reconsideration will generally be denied." Herschaft v. New York City Campaign Finance Bd., 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation omitted). A motion for reconsideration is appropriate when the moving party can demonstrate that the court overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." Id. at 284 (internal quotations omitted); see also, Shrader v. CSX Trans., Inc., 70 F.3d 255 (2d Cir. 1995); Local Civil Rule 6.3. District courts apply this rule strictly to dissuade repetitive arguments on issues that have

already been fully considered by the court. Commercial Union Ins.Co. v. Blue Water Yacht Club Ass'n, 289 F. Supp. 2d 337, 340 (E.D.N.Y. 2003). Consequently, a motion to reconsider should be denied when the movant seeks solely to relitigate issues already decided. Shrader, 70 F.3d at 257.

Plaintiff's arguments in his motion are befuddling and do not allege arguments or controlling decisions, which, had they been considered, reasonably might have altered the result before the court. As plaintiff has not alleged any facts sufficient to warrant relief from the court's Order under Rule 59(e), the motion to reconsider the Court's Order dismissing the complaint is DENIED. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated: Brooklyn, New York
September 30, 2008

/s/
DORA L. IRIZARRY
United States District Judge